# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2746 | **DATE** | June 4, 2013 |
| **CASE TITLE** | Roosevelt T. Yankaway (M24138) vs. Kane County Adult Justice Center | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. [4]), is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $1.00 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Pinckneyville Correctional Center. The Clerk is instructed to terminate defendant Kane County Adult Justice Center and add as defendants Kane County Correctional Officer Gulanczyk and Kane County Correctional Officer Salsburry. The Clerk shall issue summonses for service on defendants Gulanczyk and Salsburry and send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve defendants Gulanczyk and Salsburry. Plaintiff's motion for attorney representation (Dkt. No. [3]), is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Pro se plaintiff Roosevelt T. Yankaway, an Illinois Department of Corrections inmate, brings suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for attorney representation. (Dkt. No. 3).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.00. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

|**STATEMENT**|
|---|

Plaintiff alleges that Kane County jail correctional officers Gulanczyk and Salsburry responded to a call of a flood in plaintiff's cell on December 3, 2012 at 5:30 p.m. It was a false alarm, there was no flood. Gulanczyk and Salsburry wrongfully relocated plaintiff to segregation. They used improper force while bringing plaintiff to segregation causing him injuries. Plaintiff did not receive medical treatment for his injuries.

Plaintiff may proceed with claims against Gulanczyk and Salsburry for wrongfully placing him in segregation without proper process, *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002), the improper use of force in a jail setting, *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010), and deliberate indifferent to his objectively serious medical needs. *Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1072 (7th Cir. 2012). Defendant Kane County Adult Justice Center is dismissed because it is not a proper defendant. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (per curiam).

The Clerk is instructed to terminate defendant Kane County Adult Justice Center and add as defendants Kane County Correctional Officer Gulanczyk and Kane County Correctional Officer Salsburry. The Clerk shall issue summonses for service on defendants Gulanczyk and Salsburry and send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve defendants Gulanczyk and Salsburry. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve all defendants. With respect to any former employees who no longer can be found at the work address provided by plaintiff, the Kane County Sheriff's Department / Kane County Adult Justice Center, shall furnish the Marshal with defendant's last-known address for their respective employees. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named defendant pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to defendant [or to defense counsel, once an attorney has entered an appearance on behalf of defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.

Plaintiff's motion for attorney representation (Dkt. No. 3), is denied. This is a routine conditions of confinement case, a type of case that is often litigated by a pro se prisoner plaintiff. Plaintiff has successfully stated a claim allowing his case to proceed past the

| STATEMENT |
|---|
| pleading stage and has participated in motion practice.  Counsel is not required when the complexity of the case is measured against plaintiff's abilities to litigate his own case. *Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc)). |